## Brauner v. Mutual Life Insurance Co. of N. Y.

*James E. O'Connell*, for plaintiff.

*Harris, Warren, Hill & Henkelman*, for defendant.

ROBINSON, J., December 8, 1954.—In this action of assumpsit, by which plaintiff seeks to recover payments alleged to be due him under disability clauses in three policies of life insurance issued by defendant,

the age of plaintiff insured is a critical issue of fact. Defendant contends that plaintiff was born in 1891 and is without the coverage of the policies, while he avers his birth occurred in 1893 and comes within the provisions of the policy.

Defendant insurance company, in preparation for trial of the cause, seeks recourse to information as to plaintiff's age in the files and records of the United States Bureau of the Census, Department of Commerce, Washington, D. C., and filed a motion under Pa. R. C. P. 4009 to obtain an "inspection of documents" in the bureau. Defendant's motion sets forth that the bureau has agreed to furnish records and information for use at the trial provided that plaintiff executes a formal printed request and forwards the same to the bureau. Defendant complains that plaintiff refused to sign the form which contains a certificate that the "information furnished about anyone *other than the applicant* will not be used to the detriment of such person or persons" (italics supplied). We are asked to issue an order compelling plaintiff to sign the paper.

The point requires a consideration of the nature of the records of the Bureau of the Census. Information concerning the inhabitants of the United States is gathered decennially for strictly governmental purposes and the records of the bureau are not open to public inspection. None other than sworn employes of the office are permitted to examine the reports. In a large measure this material has been treated as confidential by Congress and so considered by the populace.

Data and information contained in the records of the United States Bureau of the Census may be obtained only under the provision of the Act of June 18, 1929, c. 28, sec. 18, 46 Stat. at L. 25, 13 U. S. C. §218, which sets forth, inter alia, that: ". . . the Director of the Census is further authorized in his discretion, to furnish to individuals such data from the population

schedules as may be desired for genealogical or other proper purposes, upon payment of the actual cost of searching the records and $1 for supplying a certificate; and that the Director of the Census is authorized to furnish transcripts of tables and other records and to prepare special statistical compilations for State or local officials, private concerns, or individuals upon the payment of the actual cost of such work: Provided, however, *That in no case shall information furnished under the authority of this act be used to the detriment of the person or persons to whom such information relates . . .*". (Italics supplied.)[1]

We deem it to be perfectly clear that Congress intended no citizen to suffer detriment by use of information relating to him in the files and records of the Bureau of the Census. The census legislation imposes a duty on all persons over the age of 18 to answer correctly all questions on the census schedules applying to them and the families to which they belong or are related. Act of June 18, 1929, c. 28, sec. 9, 46 Stat. at L. 23, 13 U. S. C. §209. A citizen has no choice in the matter, and a failure to discharge the duty is punishable by fine and imprisonment. Census information is vital and necessary to the National interests in count-

---

[1] The act cited and the other laws pertaining to the census will be superseded by the Revised and Codified Act of Congress of August 31, 1954, c. 1158, 68 Stat. at L. 1012, which by section 6 provides that "it shall take effect on January 1, 1955", and which by section 7 further provides that "The sections of Acts, and the Acts or parts of Acts, codified in this title [13, Census], are hereby repealed. Any rights or liabilities now existing under such statutes or parts thereof, and any proceedings instituted under, or growing out of any such statutes or parts thereof, shall not be affected by this repeal."

The provision pertaining to the restriction of use of information to the detriment of any persons remains the same under the new act.

less respects and it is therefore required that all persons must answer and answer correctly the questions propounded by the census taker. To compensate the citizen for what is at least a partial invasion of a freeman's right to privacy Congress provided that the information given cannot be used to his detriment. A litigant, therefore, is accorded a legal privilege which cloaks him against the use of census information to his detriment in court. This privilege is akin to the privilege protection afforded by the prohibitions against the evidential use of communications between attorney and client, priest and penitent and physician and patient.

The practical effect of defendant's motion is not merely to secure an order on plaintiff "to produce and permit the inspection" of evidential material "which are in his possession, custody or control" under the authority of Pa. R. C. P. 4009 (1) ; rather its implications are broader than that. What we are asked to do in this instance is to compel plaintiff to waive the congressional privilege incorporated in the census legislation so that the information can be used to his detriment in the trial of the issue.

We are aware that our Rules of Civil Procedure relating to depositions and discovery should be liberally construed so as to give effect to the intendment that they shall operate as instruments designed to secure a better grade of justice in the Commonwealth. But we do not believe that the drastic enforcement provisions of Pa. R. C. P. 4019 should be utilized to compel waiver by a litigant of a privilege that itself is a limitation on the right of inspection under the provisions of Pa. R. C. P. 4011 (d).

Now, December 8, 1954, the motion to order plaintiff to execute an application for information to the United States Bureau of Census is denied and rule discharged.